1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | PAUL DENHAM,

CASE NO. 09cv1505 JLS (WVG)

12 |                              Plaintiff,

**ORDER ADOPTING REPORT AND RECOMMENDATION**

13 |        vs.

(Doc. Nos. 39, 42.)

14 | ARANDA, et al. ,

15 |                              Defendant.

16

17        Presently before the Court is Defendants' J. Hernandez, E. Contreras, E. Marrero, P.

18 Cortez, K. Smith, and Matt Cate's[1] motion to dismiss Plaintiff's first amended complaint.  (Doc.

19 No. 39.)  Also before the Court is Magistrate Judge Gallo's report and recommendation,

20 recommending the Court grant Defendants' motion in part and deny the motion in part.  (Doc. No.

42.)

21        Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's

22 duties in connection with a magistrate judge's report and recommendation.  The district court must

23 "make a de novo determination of those portions of the report to which objection is made," and

24 "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

25 magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76

26 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of

27

28

_____

[1]These are the only defendants that have been served.

timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, neither party has timely file objections to the report and recommendation.  Having reviewed it, the Court finds that it is thorough, well reasoned, and contains no clear error.  Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Gallo's report and recommendation; (2) **GRANTS WITH PREJUDICE** Defendants' motion to dismiss with regard to Plaintiff's Eighth Amendment claim and qualified immunity for Hernandez, Smith, and Cate; (3) and **DENIES** Defendants' motion to dismiss with regard to Plaintiff's retaliation claim against Marrero, Cortez, and Contreras, and qualified immunity for the three aforementioned parties.  In short, Plaintiff's retaliation claim survives against Marrero, Cortez, and Contreras.

IT IS SO ORDERED.


DATED:  February 4, 2011

Janis L. Sammartino
Honorable Janis L. Sammartino
United States District Judge

09CV1505