| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| PAUL DENHAM,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br><br>CORRECTIONAL OFFICER ARANDA, et al.,<br><br><br><br>　　　　　　　　　Defendants. | Civil No.　09-1505-JLS(WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REQUEST RULING ON MOTION TO COMMAND U.S. MARSHAL TO REATTEMPT SERVICE ON THREE UNSERVED DEFENDANTS (DOC. NO. 47)**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME OF TIME TO SERVE DEFENDANTS ARANDA, BENVIN AND SILVIA GARCIA PURSUANT TO FED.R.CIV.P. 4(m) (DOC NO. 49)**<br><br>**(3) DENYING PLAINTIFF'S MOTIONS REQUESTING COURT ORDER SUBSTITUTED SERVICE (DOC. NOS. 48, 50)** |

On July 10, 2009, Paul Denham (hereafter "Plaintiff"), a state prisoner currently incarcerated at the Salinas Valley State Prison in Soledad, California, and proceeding *pro se,* filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. On August 31, 2009, the Court found that the claims in Plaintiff's Complaint were sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed the United States Marshal Service

("USMS") to effect service on Plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 4(c)(3).

On the following day, the Clerk issued a summons and prepared an "IFP package," including certified copies of Plaintiff's Complaint, a U.S. Marshal Form 285 ("USMS Form 285") for each Defendant named in the Complaint, and a copy of the Court's Order granting Plaintiff leave to proceed IFP. *See Puett v. Blandford*, 895 F.2d 630, 634 (9th Cir. 1990) ("An incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of summons and complaint."); 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(a), (c)(3).

The Summonses to Defendants Aranda, Benvin and Silvia Garcia were returned unexecuted. According to the USMS, it was informed by the litigation coordinator at Donovan State Prison that Defendants Aranda, Benvin and Silvia Garcia were not employed at that institution. On November 5, 2009, Plaintiff moved the Court to command the U.S. Marshal to reattempt service on the three unserved Defendants. The Court construes that Motion and the current Motion as a Motion for Assistance In Serving Plaintiff's First Amended Complaint on Defendants Aranda, Benvin and Silvia Garcia.

I. **Fed.R.Civ.P. 4 Service Rules**

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed.R.Civ.P. 4(c)(3); 28 U.S.C. § 1915(d). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*,

912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker*, 14 F.3d at 1422 [quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)]. However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge"). Here, because Plaintiff has not yet been able to ascertain the proper location where Defendant Mendez may now be served, he must remedy the situation or face dismissal of his claims against Defendant Mendez. *See Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, as long as Defendants Aranda's, Benvin's and Silvia Garcia's current and/or forwarding addresses can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon those Defendants on his behalf. *See Puett*, 912 F.2d at 275. The Court hereby directs Defendants' attorney to contact the California Department of Corrections' Legal Affairs Division, and provide Defendants Aranda's, Benvin's and Silvia Garcia's current and/or forwarding address within the California Department of Corrections records or possession, and to forward that address to the USMS in a confidential memorandum.

## II. Conclusion and Order

Accordingly, the Court hereby:

**1. GRANTS in part and DENIES in part** Plaintiff's Motion and **ORDERS** Defendants' attorney to provide the forwarding addresses for Defendants Aranda, Benvin and Silvia Garcia to the U.S. Marshal in a *confidential memorandum* indicating that the summonses

and First Amended Complaint are to be delivered to that address. Defendants' attorney shall provide the U.S. Marshal with any such information on or before **April 25, 2011.**

Within thirty (30) days of receipt of any available address from Defendants' attorney, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's First Amended Complaint and summons upon Defendants Aranda, Benvin and Silvia Garcia. All costs of service shall be advanced by the United States pursuant to the Court's August 31, 2009 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of the Court provide a copy of: (1) the Court's August 31, 2009 Order; (2) this Order; (3) the First Amended Complaint, summons and a blank U.S. Marshal Form 285 to Defendants' attorney for purposes of re-attempting service as to Defendants Aranda, Benvin and Silvia Garcia.

2. **DENIES** Plaintiff's Motions Requesting Order for Substituted Service.

**IT IS SO ORDERED.**

DATED: March 25, 2011

_____
Hon. William V. Gallo
U.S. Magistrate Judge