UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DENHAM,<br><br>        Plaintiff,<br><br>v.<br><br>ARANDA, et al.,<br><br>        Defendants. | Civil No. 09-1505-JLS(WVG)<br><br>ORDER DENYING MOTION FOR ORDER FOR CDCR TO PROVIDE FULL LEGAL NAMES OF ARANDA AND BENVIN AND ORDER THE USDC CLERK TO SERVE DEFENDANTS ARANDA AND BENVIN BY PUBLICATION<br><br>(DOC. # 61) |

     Plaintiff Paul Denham (hereafter "Plaintiff") seeks an order of the Court for the California Department of Corrections to provide him with the full legal names of unserved Defendants Aranda and Benvin and to order the Clerk of this Court to serve these Defendants by publication. The Court, having reviewed Plaintiff's Motion and the applicable authority, and GOOD CAUSE APPEARING, hereby DENIES Plaintiff's Motion.

Procedural History

     On July 10, 2009, Plaintiff filed a Complaint Under The Civil Rights Act, 42 U.S.C. §1983. On August 31, 2009, the Court granted

Plaintiff's Motion to Proceed *in forma pauperis,* and directed the United States Marshal to effect service of summons and complaint on Defendants. On October 27, 2009, the summonses served on Defendants Aranda and Benvin were returned unexecuted.[1/]

On December 4, 2009, Defendants served and filed a Motion to Dismiss Plaintiff's Complaint. On May 3, 2010, this Court filed a Report and Recommendation Granting Defendants' Motion to Dismiss. On June 21, 2010, the District Judge assigned to this case adopted the Report and Recommendation and allowed Plaintiff to file a First Amended Complaint. On July 30, 2010, Plaintiff filed a First Amended Complaint.

On August 12, 2010, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. On December 30, 2010, this Court filed a Report and Recommendation Granting in part and Denying in part Defendants' Motion to Dismiss. On February 4, 2011, the District Judge assigned to this case adopted the Report and Recommendation.

On March 16, 2011, Plaintiff filed a Motion for Court Order for Substituted Service on the Secretary of State for Defendants Aranda and Benvin. On March 21, 2011, Plaintiff filed Motions for Leave of Court for Enlargement of Time To Complete Service on Defendants, and for a Court Order For Substituted Service on the Attorney General and/or the Secretary of State or the California Department of Corrections and/or Litigation Coordinator at Donovan State Prison.

---

[1/]   On October 27, 2009, the summons served on Defendant Silvia Garcia also was returned unexecuted. On May 16, 2011, Ms. Garcia's attorney waived the service of summons on her behalf.

On March 25, 2011, the Court granted in part the motions noted in the preceding paragraph. The March 25, 2011 Order directed Defendants' counsel to provide the last known addresses of Defendants Aranda and Benvin to the United States Marshal in a confidential memorandum and for the United States Marshal to serve those Defendants at their last known addresses, as contained in the confidential memorandum, with summonses and Plaintiff's First Amended Complaint. On April 28 and May 2, 2011 respectively, the summonses for Aranda and Benvin were returned unexecuted.

Now, Plaintiff seeks the full legal names of Defendants Aranda and Benvin so that they can be served by publication.

Discussion

Plaintiff cites Fed. R. Civ. Pro. 4(e)(1) and California Code of Civil Procedure §415.50 to support his argument that he is entitled to serve Defendants Aranda and Benvin by publication.

Fed. R. Civ. Pro 4(e)(1) states in pertinent part:

> (e) Unless federal law provides otherwise, an individual... may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;...

California Code of Civil Procedure § 415.50 states in pertinent part:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
> (1) a cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action...
> (b) The court shall order the summons to be published in a *named newspaper, published in the state, that is most likely to give actual notice to the party to be*

> *served.* If the party to be served resides or is located out of this state, the court may also order the summons to be published in a *named newspaper outside the state that is most likely to give actual notice to that party...*
> (emphasis added)

Here, Plaintiff requests that the Court order that the summonses to Defendants Aranda and Benvin be served by publication in a named newspaper in California. However, Plaintiff does not specify in what California-published newspaper the summonses should appear. In fact, neither he, nor the Court, could so specify, because he, and the Court, do not know if Defendants Aranda and Benvin reside or are located in California or any other place in the United States. Therefore, without more, the Court can not conclude that publication of the summons in a California-published newspaper is likely to give Defendants Aranda and Benvin actual notice of the summonses. As a result, Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

DATED: May 16, 2011

/s/ Hon. William V. Gallo
U.S. Magistrate Judge