UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DENHAM,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ARANDA, et al.,<br><br>　　　　　Defendants. | Civil No. 09-1505-JLS(WVG)<br><br>ORDER DENYING MOTION FOR REHEARING OF MOTION REQUESTING CDCR TO PROVIDE FULL LEGAL NAMES OF DEFENDANTS ARANDA AND BENVIN; AND ORDER THE USDC CLERK TO SERVE DEFENDANTS ARANDA AND BENVIN BY PUBLICATION<br>(DOC. # 67) |

On May 16, 2011, the Court denied Plaintiff's Motion For Order For CDCR To Provide Full Legal Names of Aranda and Benvin And Order the USDC Clerk To Serve Defendants Aranda and Benvin By Publication. On June 6, 2011, Plaintiff filed a Motion for Rehearing of that Motion. The Court construes the June 6, 2011 Motion to be a Motion for Reconsideration.

In the June 6, 2011 Motion, Plaintiff argues that the Court's May 16, 2011 order unreasonably applied state law and will cause him prejudice in not being able to serve Defendants Aranda and Benvin (hereafter "Defendants").

## Procedural History

On July 10, 2009, Plaintiff filed a Complaint Under The Civil Rights Act, 42 U.S.C. §1983. On August 31, 2009, the Court granted Plaintiff's Motion to Proceed *in forma pauperis,* and directed the United States Marshal to effect service of summons and complaint on Defendants. On October 27, 2009, the summonses served on Defendants Aranda and Benvin were returned unexecuted.[1]

On December 4, 2009, Defendants served and filed a Motion to Dismiss Plaintiff's Complaint. On May 3, 2010, this Court filed a Report and Recommendation Granting Defendants' Motion to Dismiss. On June 21, 2010, the District Judge assigned to this case adopted the Report and Recommendation and allowed Plaintiff to file a First Amended Complaint. On July 30, 2010, Plaintiff filed a First Amended Complaint.

On August 12, 2010, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. On December 30, 2010, this Court filed a Report and Recommendation Granting in part and Denying in part Defendants' Motion to Dismiss. On February 4, 2011, the District Judge assigned to this case adopted the Report and Recommendation.

On March 16, 2011, Plaintiff filed a Motion for Court Order for Substituted Service on the Secretary of State for Defendants Aranda and Benvin. On March 21, 2011, Plaintiff filed Motions for Leave of Court for Enlargement of Time To Complete Service on Defendants, and for a Court Order For Substituted Service on the Attorney General and/or the Secretary of State or the California

---

[1] On October 27, 2009, the summons served on Defendant Silvia Garcia also was returned unexecuted. On May 16, 2011, Ms. Garcia's attorney waived the service of summons on her behalf.

Department of Corrections and/or Litigation Coordinator at Donovan State Prison.

On March 25, 2011, the Court granted in part the motions noted in the preceding paragraph. The March 25, 2011 Order directed Defendants' counsel to provide the last known addresses of Defendants Aranda and Benvin to the United States Marshal in a confidential memorandum and for the United States Marshal to serve those Defendants at their last known addresses, as contained in the confidential memorandum, with summonses and Plaintiff's First Amended Complaint. On April 28 and May 2, 2011 respectively, the summonses for Aranda and Benvin were returned unexecuted.

On May 12, 2011, Plaintiff filed a Motion to Serve Defendants By Publication. On May 16, 2011, the Court denied the Motion. Plaintiff now seeks reconsideration of that Order.

Discussion

Plaintiff argues that the Court's May 16, 2011 Order misinterpreted California law. However, Plaintiff is mistaken.

California Code of Civil Procedure § 415.50 states in pertinent part:

> (a) A summons may be served by publication if upon affidavit it appears *to the satisfaction of the court* in which the action is pending that the party to be served cannot with *reasonable diligence* be served in another manner specified in this article...
> (emphasis added)

In order for Plaintiff to invoke California Code of Civil Procedure §415.50, he must show that he has exercised *reasonable diligence* to locate the person whom he wishes to serve, in order to give that person notice of the action before resorting to the notice afforded by publication. Donel v. Badalian, 87 Cal. App. 3d 327, 332 (1978).

> When notice is a person's due, process which a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. *The reasonableness... of any chosen method may be defended on the ground that it is itself reasonably certain to inform those affected*, or where conditions do not reasonably permit such notice, the that form chosen is not substantially less likely to bring home notice than other of feasible and customary substitutes.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)(citations omitted)(emphasis added).

"When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." Kott v. Superior Court, 45 Cal. App. 4th 1126, 1137 (1996)[citing Olvera v. Olvera, 232 Cal. App. 3d 32, 41 (1991)].

"Reasonable diligence" in attempting to locate a party to be served

> denotes a thorough, systematic investigation and inquiry in good faith by the party... a number of honest attempts to learn (a) defendant's whereabouts or his address by inquiry of relatives, friends and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index... near the defendant's last known address, are generally sufficient. These are likely sources of information, and *consequently must be searched before resorting to service by publication*.

Kott, 45 Cal. App. 4th at 1137. (emphasis added).

A *pro se* Plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995); Moody v. Finander, 2010 WL 2354586 at *3 (S.D. Cal. 2010); McKenzie v. Hernandez, 2010 WL 685005 (S.D. Cal. 2010). However, a *pro se* Plaintiff proceeding *in forma pauperis* " 'may not remain silent and do nothing to effectuate service (on a defendant)', rather, '(a)t a

1  minimum, (he) should request service upon the... defendant and
2  attempt to remedy any apparent defects of which (he) has knowl-
3  edge.'" Moore v. Lacy, 2010 WL 5644658 at *7 (S.D. Cal.
4  2010)[quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)].
5      Here, Plaintiff's application to serve the Defendants by
6  publication is deficient. Plaintiff has failed to show that he
7  exercised reasonable diligence in locating the Defendants. There-
8  fore, any judgment against the Defendants based on service by
9  publication would be void. Olvera, 232 Cal. App. 3d at 41.
10 Moreover, Plaintiff has not performed (or had someone perform on his
11 behalf) an appropriate investigation into public records, as noted
12 in Kott, which might be deemed sufficient before service by
13 publication would be proper. Moreover, Plaintiff has not presented
14 any authority, nor has the Court found any authority, to suggest
15 that the U.S. Marshal must perform that investigation. Consequently,
16 it does not appear to the satisfaction of the Court that Plaintiff
17 has strictly complied with the letter and spirit of California Code
18 of Civil Procedure § 415.50.
19     As a result, Plaintiff's Motion for Reconsideration is
20 DENIED.
21 DATED: June 9, 2011

                                                Hon. William V. Gallo
                                                U.S. Magistrate Judge