# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DENHAM,<br><br>                             Plaintiff,<br>  vs.<br><br>CORRECTIONAL OFFICER ARANDA, et al.,<br>                            Defendants. | CASE NO. 09CV1505 JLS (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>(ECF Nos. 117, 119) |

     Presently before the Court are Plaintiff Paul Denham's ("Denham") Motion for Leave to File a Second Amended Complaint, (Mot. to Amend, ECF No. 117), and Supplemental Memorandum in Support of His Motion for Leave to File an Amended Second Amended Complaint, (Supp. Mot. to Amend, ECF No. 119). Also before the Court are Defendants' response in opposition, (Resp. in Opp'n, ECF No. 126), and Denham's reply in support, (Reply in Supp., ECF No. 127). The hearing set for the motion on May 3, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS IN PART AND DENIES IN PART** Denham's motion.

//

//

//

**BACKGROUND**

This Order incorporates by reference the procedural history, factual background, and summary of claims as set forth in Magistrate Judge Gallo's Report and Recommendation advising the Court to grant in part and deny in part Defendants' motion to dismiss the first amended complaint ("FAC"). (R&R 1–7, ECF No. 35) In short, Denham filed a 42 U.S.C. § 1983 complaint against several Defendants arising out of a series of events that occurred while he was housed at the Richard J. Donovan Correctional Facility. In the FAC he asserted (1) an Eighth Amendment violation of his right to be free from cruel and unusual punishment based on his being placed in Administrative Segregation and transferred to another prison in retaliation for complaining about prison staff, and (2) retaliation in violation of the First Amendment for his complaining about prison staff.

Denham's original and first amended complaints were filed pro se. The original was dismissed with leave to amend, (Order, June 21, 2010, ECF No. 36), and the FAC was dismissed in part, (Order, Feb. 4, 2011, ECF No. 43). Since then, Denham has obtained pro bono representation, and the parties have engaged in extensive but ultimately unsuccessful settlement negotiations.[1] "Now that Mr. Denham has counsel, he respectfully requests the opportunity to have his counsel file a second amended complaint that more precisely sets forth his claims, and identifies other State Actor Defendants against whom he has legitimate civil rights claims." (Mot. Amend 3, ECF No. 117) And, since filing the initial motion for leave to amend, Denham's pro bono counsel discovered new facts giving rise to additional claims Denham also plans to assert. (Supp. Mot. Amend, ECF No. 119)

//

---

[1] Regarding settlement, Denham had agreed to settle all claims against all Defendants if he could be repatriated to the United Kingdom to serve the balance of his sentence pursuant to the provisions of the Convention on the Transfer of Sentenced Persons, March 21, 1983, 35 U.S.T. 2867. To accomplish this, Denham needed the consent of the United Kingdom, the United States, and the state of California, but the state of California denied Denham's request because "the United Kingdom would not administer [his] sentence in a manner consistent with California law." (Mot. Amend 3, ECF No. 117 (internal quotation marks omitted)) Among his proposed amendments, Denham plans to add a claim against Jennifer P. Shaffer, Executive Officer, Board of Parole Hearings ("Shaffer"), for improperly denying his repatriation request. (*Id.* at 4)

**LEGAL STANDARD**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But while the rule should be interpreted extremely liberally, leave should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Relevant here, "[t]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

A motion to amend a complaint to add or drop a party may also implicate Federal Rule of Civil Procedure 21, which grants the district court discretion to add or drop a party. Rules 19 and 20 govern who may be joined as a party. Rule 20(a)(2) allows for the permissive joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."

**ANALYSIS**

Defendants do not contest Denham's request to amend his complaint in order to "more precisely sets forth his claims" now that he has obtained pro bono counsel, (Mot. Amend 3, ECF No. 117), but oppose the addition of new claims and defendants to the amended complaint, (*See generally* Resp. in Opp'n, ECF No. 126). Defendants oppose Denham's motion on the basis of futility alone. Specifically, Defendants assert that amendment would be futile for the following reasons: (1) joinder of parties and events wholly unrelated to the subject of the original complaint violates Federal Rule of Civil Procedure 20; (2) venue is improper over Denham's new claims against parties located and events taking place in the Northern District of California; (3) the claims asserted against Defendants Cluck, Barnhart, Sandoval, and two Doe Defendant supervisors are barred by the applicable statute of limitations; (4) the claims against Cluck, Barnhart, and Sandoval are barred by the Prison Litigation Reform Act because Denham did not exhaust his

1  administrative remedies; and (5) he fails to state a claim against Shaffer.  (*See generally* Resp. in
2  Opp'n, ECF No. 126)

**1. Defendants Shaffer, Two Unknown Salinas Valley Prison Officials, and the State of California**

According to Defendants, "Plaintiff's Fourth Claim for Relief against new Defendant Shaffer, his Eighth Claim for Relief against new State Actor Defendants, Two Unknown Prison Officials, and his Ninth Claim for Relief against new Defendants California and California Department of Corrections and Rehabilitation have nothing to do with the allegations or Defendants in the original complaint and therefore cannot be joined in this lawsuit."  (Resp. in Opp'n 4, ECF No. 126)

Federal Rule of Civil Procedure 20(a)(2)(A) permits joinder of defendants where the right to relief asserted against them arises "out of the same transaction, occurrence, or *series* of transactions or occurrences."  (emphasis added)  Denham asserts that here "[t]he series of transactions and occurrences start[s] in San Diego at Donovan prison," (Reply in Supp. 5, ECF No. 127), whereby Defendants "manufactured reasons to ship [Denham] from prison to prison," (*id.* at 6), such that the same transaction or occurrence continued through Denham's imprisonment at Salinas Valley, where he experienced reckless indifference to his severe health problems, (*id.*). *See also id.* ("But for the retaliatory conduct that started at Donovan and carried over to Salinas Valley, Denham would not be in Soledad . . . .  Rather, he would still be at Donovan where he would have access to some of the finest medical facilities in California.")  And the series continues: "Denham sought to escape the treatment he was suffering at the hands of prison officials from San Diego to Soledad by exercising his rights under the international convention on prisoner transfer."  (*Id.*)  But California (allegedly) illegally denied Denham's transfer request.  And so, according to Denham, that denial too arises out of the same series of transactions or occurrences that gave rise to this lawsuit.

Although Rule 20 encourages broad joinder, *see League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) ("[Rule 20] is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes,

1 thereby preventing multiple lawsuits."), joinder must "'comport with the principles of fundamental 2 fairness' [and may not] result in prejudice to either side," *Coleman v. Quaker Oats Co.*, 232 F.3d 3 1271, 1298 (9th Cir. 2000) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 4 1371, 1375 (9th Cir. 1980)). As such, the Court finds joinder inappropriate here. Though the 5 Court appreciates the connection Denham draws between one event, the next, and the next, the 6 chain of events must end somewhere. Even if the transaction or occurrence that first gave rise to 7 this lawsuit—namely, the alleged retaliation—resulted in Denham's transfer whereby he suffered 8 this series of unfortunate events, the Court finds those events sufficiently distinct from the 9 retaliation that they do not make up the same "series of transactions or occurrences" for purposes 10 of Rule 20. Accordingly, the Court **DENIES** Denham's motion to the extent that he seeks to add 11 claims against new Defendants Shaffer, the two Salinas Valley prison officials, and California 12 itself.[2]

13 **2. Defendants Cluck, Barnhart, Sandoval, and Two Doe Defendant Supervisors**

14 Denham also seeks to add claims against three additional named Defendants—Officers 15 Cluck, Sandoval, and Barnhart—and two Doe Defendant supervisors. Defendants concede that 16 these claim arise out of the same transaction or occurrence that gave rise to Denham's original 17 complaint. (*See* Resp. in Opp'n 2, ECF No. 126) Defendants nevertheless argue that amendment 18 to add 42 U.S.C. § 1983 claims against these Defendants would be futile because the claims are 19 barred by the statute of limitations and because Denham failed to exhaust his administrative 20 remedies.

21 *A. Statute of Limitations*

22 Because § 1983 contains no specific statute of limitations, federal courts apply the forum 23 state's statute of limitations for personal injury actions. *Lukovsky v. San Francisco*, 535 F.3d 24 1044, 1048 (9th Cir. 2008); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v.* 25 *Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

---

27 [2] Because Defendants' argument in opposition regarding venue only pertains to these same 28 Defendants, the Court will not address that argument here, and makes no comment regarding whether venue is proper in this district. (*See* Resp. in Opp'n 5, ECF No. 126) The Court similarly makes no comment on whether Denham has stated or can state a claim against Defendant Shaffer. (*Id.* at 9–11)

Effective January 1, 2003, the applicable California statute of limitations for a personal injury claim is two years. *Blanas*, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1). Incarceration can toll the statute of limitations for a maximum of two years. Cal. Civ. Proc. Code § 352.1.[3] Thus, Denham must have filed his § 1983 claim within four years of the date it accrued.

"Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Unlike the length of the limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Id.* at 388. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914; *Wilson v. Garcia*, 471 U.S. 261, 267 (1985). Here, the accrual date is September 5, 2007—the date Defendant Aranda allegedly attacked Denham while Defendants Cluck, Sandoval, and Barnhart stood by. Thus, to be timely, Denham must have filed his claims against Cluck, Sandoval, and Barnhart by September 5, 2011—absent any equitable tolling.

Generally, federal courts apply the forum state's law regarding equitable tolling. *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999); *Bacon v. Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Collier v. City of Pasadena*, 191 Cal. Rptr. 681, 685 (Cal. Ct. App. 1983).

As to the first element, "the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." *Id.* Generally, this means that the defendant named in the first claim is the same as the defendant

---

[3] Defendants assert that Denham is not entitled to tolling under California Code of Civil Procedure section 352.1 because he is serving life in prison. (Resp. in Opp'n 5–6, ECF No. 126) "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling," however. *Jones v. Blanas*, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing *Grasso v. McDonough Power Equipment, Inc.*, 70 Cal. Rptr. 458, 460–61 (Cal. Ct. App. 1968)).

1 named in the second claim, but identity of defendants is not required.  *See id.*; *Cervantes v. City of
2 San Diego*, 5 F.3d 1273, 1276 n.3 (9th Cir. 1993) ("Although generally the notice factor means
3 that the defendant in the first claim is the same one being sued in the second, this is not an absolute
4 requirement. . . . The notice factor may be satisfied where a defendant in the second claim was
5 alerted to the need to gather and preserve evidence by the first claim even if not nominally a party
6 to that initial proceeding." (internal quotation marks omitted)).  Here, although Defendants Cluck,
7 Sandoval, and Barnhart were not named as Defendants in Denham's original action, "[t]hat
8 complaint describes in great detail how Aranda . . . had Cluck and Sandoval allow him to see
9 Denham; [and] that Aranda had Barnhart open Denham's cell."  (Reply in Supp. 8, ECF No. 127)
10 Thus, in investigating Denham's claim against Aranda, Defendants Cluck and Barnhart may have
11 been alerted of the need to begin investigating the facts that form the basis of the claim Denham
12 seeks to assert against them now.

13      As to the second element, Defendants have not raised any possible prejudice to their
14 gathering evidence to defend against this claim, and the Court notes that the new claim arises out
15 of the same circumstances of the original claim, and therefore has likely been the subject of
16 extensive investigation already.  Finally, as to the third claim, Denham asserts that he acted
17 diligently and in good faith in pursuing this claim.  According to Denham, he was only able to
18 determine that there were sufficient facts to file this claim after preparing a "three-dimensional
19 mock-up of the cell block" in order to assess "the control station's location and the line of site
20 from there to the cell where Aranda attacked Denham."  (*Id.* at 9)

21      Because there is a possibility that Denham is entitled to equitable tolling, the Court is
22 unable to conclude that amendment would be futile because Denham's claims are barred by the
23 applicable statute of limitations.  The ultimate applicability of equitable tolling is a fact-intensive
24 inquiry not appropriate for resolution at this early stage.  *See Cervantes*, 5 F.3d at 1276.
25 Accordingly, leave to amend will not be denied on this basis.
26 //
27 //
28 //

*B. Exhaustion of Administrative Remedies*

Defendants assert that Denham did not file an inmate grievance against Defendants Cluck, Sandoval, and Barnhart pertaining to the claims he seeks to assert now, and that therefore amendment would be futile for Denham's failure to exhaust his administrative remedies. (Resp. in Opp'n 9, ECF No. 126) To the contrary, Denham contends that he exhausted his administrative remedies because in his original administrative grievance against Aranda "he recites the same misconduct that forms the basis for his claims against Cluck . . . and Barnhart, whom he identified specifically by name." (Reply in Supp. 9, ECF No. 127)

"Neither the [Prison Litigation Reform Act ("PLRA")] itself nor the California regulations require an inmate to identify responsible parties or otherwise to signal who ultimately may be sued." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 217 (2007) ("The PLRA requires exhaustion of 'such administrative remedies as are available,' 42 U.S.C. § 1997e(a), but nothing in the statute imposes a 'name all defendants' requirement . . . .")). Indeed, "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay the groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grivance is not a summons and complaint that initiates adversarial litigation.")).

As with the question of equitable tolling, the Court cannot conclude with certainty at this early stage that Denham did not exhaust his administrative remedies as against Defendants Cluck, Sandoval, and Barnhart, such that amendment would be futile. In Denham's grievance form, he mentions all three officers, and describes their role in allowing Defendant Aranda access to Denham's cell. (Decl. of R. Cobb ISO Defs.' Resp. in Opp'n ("Cobb Decl.") Ex. A, at 1, 3) Although, as Defendants point out, at one point in the grievance form Denham indicates that "this appeal involves two staff ([corrections officer] Aranda & Ms. Benvin LVN)," (*id.* at 2), his original grievance more broadly indicates that he sought an investigation for "staff misconduct,"

1  (*id.* at 1).[4]  Thus, the Court will not deny leave to amend on this basis.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Denham's motions for leave to amend.  Denham's motion to amend is **GRANTED** to the extent he seeks more precisely to set forth his existing claims now that he has obtained pro bono representation.  Denham's motion for leave to amend to add (1) the fourth claim against State Actor Defendant Shaffer; (2) the eighth claim against State Actor Defendants, Two Unknown Prison Officials; and (3) the ninth claim against the State of California and California Department of Corrections and Rehabilitation is **DENIED**.  Denham's motion for leave to amend to add (1) the third claim against State Actor Defendants Cluck, Sandoval, and Barnhart; and (2) the fifth claim against State Actor Defendants Two Unknown Correctional Supervisors is **GRANTED**.  Denham **SHALL FILE** his second amended complaint within <u>fourteen days</u> of the date this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED:  August 17, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[4] Moreover, the Court notes that Denham would not even have had to remark on which staff members he intended to be covered by his grievance had the administrative responses not inappropriately limited the inquiry to Defendant Aranda in the first place. (Cobb Decl. Ex. A, at 2 ("Please take note that this appeal involves two staff . . . as only [corrections officer] Aranda seems to be named throughout the administrative responses."))